OGDEN (ALLEN v.). See Case No. 233.

---

## Case No. 10,454.

### OGDEN v. BARNEY.

[5 Blatchf. 189.] [1]

Circuit Court, S. D. New York. Nov. 10, 1863.

CUSTOMS DUTIES—HALF STORAGE—GOODS REMAINING IN "VESSEL, AS WAREHOUSE."

1. Where no warehouse entry of imported goods was made, but the importer wrote on the entry the words "vessel, as warehouse," and the goods remained in the vessel only two days beyond the period allowed for the discharge of the cargo, and the collector exacted ten dollars for half storage: Held, that the charge was illegal.

2. This case distinguished from that of Irvin v. Schell [Case No. 7,072].

This was an action [by David Ogden] against [Hiram Barney] the collector of the port of New York, to recover back the sum of $10, paid under protest as half storage on imported goods.

Sidney Webster, for plaintiff.

E. Delafield Smith, Dist. Atty., for defendant.

NELSON, Circuit Justice. I had occasion, in the case of Irvin v. Schell [Case No. 7,072], to look into the question involved in the present case, and came to the conclusion that the charge was one wholly without any legal foundation, and arbitrary; but I denied the right of the plaintiffs to recover, on the ground that, under the circumstances of the case, the payment was voluntary, and therefore not the subject of an action. In that case, the plaintiffs had entered their goods for warehousing, in the accustomed way, and

had, by the authority of the law, designated one of the authorized warehouses to receive them. They afterwards, and before the removal of the goods, changed their minds, and applied to the collector to withdraw the warehouse entry, and to get a permit to land the goods for consumption. Under the regulation of the customs this could be done, on payment of half storage. I said, in that case, that the charge was made for the favor granted to the merchant in permitting him to land the goods for consumption after he had entered them for warehousing; and that the collector might, doubtless, have compelled the merchant, after having thus entered his goods, to procure them in the usual way, through the warehouse, which would have increased considerably the expense. It was admitted, in that case, that there was no law authorizing the charge of half storage, and that the collector might have adopted any other rule of compensation; and that, instead of charging the $98.26, he might have charged $500 with equal authority. But the merchant preferred paying the sum charged to the delay and expense of following his goods through the warehouse, which he might have done, and hence the payment was voluntary.

In the present case, the claim of the collector goes far beyond the former one. No warehouse entry was made by the plaintiff at all. The whole foundation of the claim is a fiction. It is true there appears on the entry, in the handwriting of the plaintiff, the words, "vessel, as warehouse." But I know of no law, nor has any been referred to, which authorizes the collector to convert the vessel in which the goods arrive into a warehouse, and, by this contrivance, to lay a foundation for charges incident to the warehousing system as established by law. On this entry, the merchant could not have removed his goods to a warehouse on land, nor could the collector have compelled him to remove them. On the contrary, the collector was bound to give a permit, when requested, to land the goods on payment of the duties. The case shows that the note made on the entry, "vessel, as warehouse," was intended simply as a request that the goods might remain in the vessel for the present, and which was acceded to, under the charge of the inspector. In point of fact, the goods remained in the vessel, but two days beyond the period allowed for the discharge of the cargo; and for those two days six dollars were charged for the extra services of the inspector and paid. But, in addition to this, a charge of ten dollars for half storage is set up against the merchant, for keeping the goods in his own vessel. I cannot say that the case falls within the principle of Irvin v. Schell [supra], and must hold that the plaintiff is entitled to recover.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]